WILLIAM ROCKWELL *v.* JOHN W. TITCOMB.

February Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 13, 1913.

*Fish and Game—Licenses—Actions for Refusal to Issue—Defences—Sufficiency of Application.*

Under No. 191, Acts 1910, providing that the fish and game commissioner shall issue licenses to residents of this State to fish with a net in the waters of Lake Champlain, the commissioner is not liable in damages for his refusal to issue such a license, where the application therefor did not state that the applicant was a resident of this State.

Under No. 191, Acts 1910, providing that the fish and game commissioner shall issue licenses to fish with a net in Lake Champlain, and that he shall establish uniform fees therefor, under which he established two fees, according to the length of the net to be used, and P. S. 5311-5313, providing the commissioner shall issue licenses to fish in Lake Champlain for sturgeon with nets of not less than 11-inch stretched meshes, the commissioner was not liable in damages for his refusal to issue a fishing license, where the application did not disclose which of the licenses was desired.

Under No. 191, Acts 1910, providing that the fish and game commissioner shall issue licenses to fish with a net in the waters and upon the shores of Lake Champlain, the commissioner is not liable for his refusal to issue such a license, where the application was merely for a license to fish "on ground north of 'Big Bluff' owned by R. and others," since the application did not disclose where the proposed fishing grounds were, whether in Lake Champlain, or even in this State.

A public officer, when called upon to respond in damages for official
misfeasance or nonfeasance, is entitled to all the defences avail-
able unless his conduct has been such as to amount to a full
estoppel, and hence, where a. fish and game commissioner was sued
for damages for his refusal to issue a fishing license, he can rely
in defence on the insufficiency of the application, although he
refused the license on a wholly different ground.

CASE for failure to grant a fishing license. Heard on an
agreed statement of facts at the August Term, 1912, Grand Isle
County, *Waterman,* J., presiding. Judgment for the defend-
ant. The plaintiff excepted. The opinion states the case.

*V. A. Bullard* and *J. P. Ladd* for the plaintiff.

*Henry B. Shaw* and *John G. Sargent* for the defendant.

POWERS, J. This is a tort action against the state fish and
game commissioner to recover damages for his failure to issue
to the plaintiff a license to fish with a net in Lake Champlain.
The facts are agreed upon. Those deemed material by the
plaintiff are thus stated in his brief:

When he made his application for a license, the plaintiff
was, and for a long time had been, a resident of this State; with
his application he enclosed the fee which had been previously
established by the commissioner according to law; he was ready
and willing to comply with all the conditions running with such
license.

These facts, the plaintiff insists, were enough to entitle the
plaintiff to a license; because, he asserts, the commissioner's
duties in that behalf were wholly ministerial. By No. 191,
Acts of 1910, it is provided that the commissioner shall issue
licenses to residents of this State to fish with a net in the waters
and upon the shores of Lake Champlain, from the fifteenth day
of October to the first day of December in each year; that he
may make such restrictions in regard to fishing thereunder as
he deems necessary; that he may at any time revoke a license;
and that he shall establish uniform fees therefor, not exceeding
twenty dollars.

Under this act, the commissioner had established two fees,
one of ten dollars and the other of twenty dollars, according to

8

the length of the net to be covered by the license.  It is under this statute that the plaintiff asserts his right.

By P. S. 5311, 5312, and 5313, it is provided that the commissioner shall issue licenses to residents of this State to fish in Lake Champlain with nets of not less than eleven inch stretched meshes for sturgeon, which licenses shall be good for one year at such times and points as shall be therein designated; that the commissioner may make such restrictions in regard to fishing thereunder as he deems necessary; that he may at any time revoke a license; and that he shall establish uniform fees therefor, not exceeding twenty dollars.

The only application for a license which the plaintiff made was contained in his letter to the defendant dated October 30, 1911, saying:  "Enclosed please find $20 for license for fishing on ground north of 'Big Bluff' owned by Wm. M. Rockwell and others."  To this communication, the defendant replied, returning the money and saying that he had concluded to issue no more seine licenses that year.

Assuming, as the plaintiff claims, that the duty of the commissioner in granting licenses is ministerial, there are several reasons why this action cannot be maintained.

In the first place, residents only may be licensed.  And of these, only such as apply are entitled, for no one would claim that the commissioner was in duty bound to issue such licenses to everybody who resided in the state whether he wanted one or not.  It is unnecessary for us to discuss the form or contents of this application further than to say that it should show, or be accompanied with something written or verbal to show that the applicant belongs to the class covered by the statute.  The commissioner is entitled to some evidence that the applicant is a resident of the state before he is called upon to act.  To hold otherwise, and to require the commissioner to institute an investigation and seek out the fact or to act at his peril would be to unreasonably delay and embarrass official action, and to make the commissioner's official position unduly hazardous.

Again the plaintiff's application did not specify or disclose which of the licenses he desired.  While the statutes referred to are very similar in many respects, the licenses provided for differ materially in duration, purpose and conditions.  The commissioner is entitled to know to which an application refers, and, until the applicant indicates, is not bound to act.

Moreover, the application did not show where the proposed fishing grounds were, or whether in this State or not, or whether in Lake Champlain or elsewhere. The commissioner was not bound to know or to take the time or trouble to ascertain.

In reaching the conclusion that the plaintiff's application was too indefinite and inadequate to require the commissioner to act upon it, and for this reason the plaintiff's action must fail, we do not overlook the fact that the commissioner gave another reason for his refusal to grant the plaintiff a license. But he is not estopped by his letter. There may be cases wherein one would be precluded from asserting reasons other than the one specified, but when a public officer is called upon to respond in damages for official misfeasance or nonfeasance he is entitled to all the defences available unless his conduct has been such as to amount to a full estoppel,—to support which the facts here are insufficient.

*Affirmed.*